## 35419. ROBERSON *v.* LUMBERMENS MUTUAL CASUALTY CO. *et al.*

DECIDED DECEMBER 2, 1954.

*Randall Evans, Jr.,* for plaintiff in error.

*Fulcher, Fulcher & Hagler,* contra.

FELTON, C. J. 1. The claimant contends that the case was in effect in default because the employer and insurance carrier did not file a response and did not introduce any evidence of the awards which the court held superseded the judgment of the board sought to be enforced. Whether or not the employer and insurance carrier were required to file a response, the only effect of their failure to do so would be at the most to admit the allegations of the petition, and the petition itself alleged one adverse award, the award of August 25, 1953, and that it was on appeal by the claimant. So the failure to file a response admitted what this award and any other award shown by the record showed. The award showed not only that the director found against the claimant on an alleged change in condition, but also found that he did not have any disability to the eye as a result of the al-

174

leged accident and injury. The board had jurisdiction to decide the question of change in condition and also whether the claimant was entitled to compensation as an original proposition, since no finding had been made except the approval of an agreement. The above-stated award covered both issues, and it was binding on the parties until reversed or set aside. This award was affirmed by the full board on March 26, 1954, and there is no contention that it was not still binding. The failure to file a response did not preclude the employer and carrier from participating in the trial and urging that the proof of the facts and records pleaded by the claimant in his petition did not entitle him to a judgment.

2. The claimant contends also that the award adverse to him was not before the court as evidence, since, as he contends, it was not introduced by him or the employer and insurance carrier. The judgment of the court recites that the claimant's attorney did not remain for argument or trial of the case, and that he presented to the court the claimant's petition and a copy of the record of the award of August 25, 1953, and March 26, 1954. Under the circumstances recited in the order, the copy of the record of the above awards was introduced in evidence in the case by the claimant, and the court did not err in considering it and in finding that the claimant was not entitled to the judgment sought for the reason assigned by the court.

The court did not err in rendering the judgment excepted to.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*